## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins

**WILBERT EUGENE PROFFITT**,

        Petitioner,

v.                                       Civil Action No. 2:18-CV-125
                                                  Judge Bailey

**WARDEN LEROSE**,

        Respondent.

## ORDER TRANSFERRING CASE

Pending before this Court is a habeas corpus proceeding brought by petitioner Wilbert Eugene Proffitt [Doc. 1], which was recently transferred to this Court by the United States District Court for the Northern District of Ohio [Doc. 8]. This Court is of the opinion that this case was improvidently transferred and, accordingly, is returning the case to its origin.

The petition under 28 U.S.C. § 2241 was filed on December 18, 2017, in the Northern District of Ohio. At the time the petition was filed, the petitioner was confined in Youngstown, Ohio, within the Northern District of Ohio. At a later date, the petitioner was transferred to FCI Hazelton, triggering the transfer to this Court.

It is clear that the Northern District of Ohio continues to have jurisdiction over this case. As noted in ***Smith v. Campbell***, 450 F.2d 829 (9th Cir. 1971):

    It is generally accepted that in civil cases, jurisdiction is measured at the time the action is filed, and subsequent events cannot divest the court of that

1

jurisdiction.  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938).  This rule is consistent with a concern for both practicality and fairness*.  Mullen v. Torrance*, 22 U.S. (9 Wheat.) 536 (1824).  In *Metcalf v. Watertown*, 128 U.S. 586 (1888), the Court held that jurisdiction in diversity of citizenship cases is determined at the time the action is commenced.  However, "Though habeas corpus is technically 'civil', it is not automatically subject to all the rules governing ordinary civil actions. See *Harris v. Nelson*, 394 U.S. 286."  *Schlanger v. Seamans*, 401 U.S. 487, n. 4 at 490.

In regard to habeas corpus matters, the courts have uniformly followed the rule regarding jurisdiction that is followed in civil cases.  In *Schlanger v. Seamans*, *supra*, the Supreme Court based its ruling of lack of jurisdiction upon the facts as they existed at the time the action was filed. Furthermore, Justice Douglas stated:  "Had petitioner*, at the time of the filing of the petition*, been under the command of the Air Force officer assigned as liaison officer at Arizona State to supervise the Education and Commissioning Program, we would have a different question."  (Emphasis added.) 401 U.S. at 491-492.

In *Bishop v. Medical Superintendent*, 377 F.2d 467 (6th Cir. 1967), the court held that the district court was correct in dismissing the petition for writ of habeas corpus for not stating a cause of action, but was in error for dismissing it for lack of jurisdiction.  In that case the petitioner, a patient at a state mental hospital within the Western District of Michigan, filed his habeas

2

corpus petition with the district court for the western district. Subsequently, the petitioner was transferred to a hospital within the Eastern District of Michigan. The district court held that it no longer had jurisdiction. The court of appeals held: "We conclude that this latter ruling of the court is in error. The District Court for the Western District of Michigan, having jurisdiction of the action at the time the petition was filed, did not lose jurisdiction when the appellant was subsequently transferred to the Ypsilanti State Hospital in the Eastern District of Michigan." 377 F.2d at 468.

In ***Harris v. Ciccone***, 417 F.2d 479 (8th Cir. 1969)[cert. denied, 397 U.S. 1078 (1970)], Justice Blackmun (then Judge Blackmun) stated that a transfer of a petitioner from Missouri to Pennsylvania did not defeat the jurisdiction of the District Court for the Western District of Missouri. 417 F.2d 479 n. 1 at 480. The court reaffirmed the ruling in its prior *per curiam* opinion in ***Holland v. Ciccone***, 386 F.2d 825 (8th Cir. 1967), that, "Having had jurisdiction when the petition was filed, the retransfer of the petitioner did not destroy that jurisdiction." 386 F.2d at 827.

450 F.2d at 832.

The Third Circuit, in ***Ex parte Catanzaro***, 138 F.2d 100, 101 (3d Cir. 1943), stated that "we do not believe that passing about of the body of a prisoner from one custodian to another after a writ of habeas corpus has been applied for can defeat the jurisdiction of the Court to grant or refuse the writ on the merits of the application. It is a general rule of law that where one has become subject to the jurisdiction of a court, the jurisdiction continues

in all proceedings arising out of the litigation such as appeals and writs of error. 1 Beale, *The Conflict of Laws* (1935) § 76.1."

The Fifth Circuit, in ***Griffin v. Ebbert***, 751 F.3d 288, 290 (5th Cir. 2014), noted that "[j]urisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (citations omitted). *See also* ***Lee v. Wetzel***, 244 F.3d 370 (5th Ci. 2001).

As noted above, the Sixth Circuit is consistent with these other holdings, ***Bishop v. Medical Superintendent***, 377 F.2d 467 (6th Cir. 1967), as is the Eighth Circuit, ***Harris v. Ciccone***, 417 F.2d 479 (8th Cir. 1969), cert. denied, 397 U.S. 1078 (1970).

The Tenth Circuit, in ***Santillanes v. U.S. Parole Comm.***, 754 F.2d 887, 888 (10th Cir. 1985), held that "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and accompanying custodial change."

It is clear then that the Northern District of Ohio has jurisdiction to decide this case. The transfer order, however, couches the transfer in terms of venue.

28 U.S.C. § 1404, provides in part:

> Change of Venue: (a) For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district **where it might have been brought**.

(Emphasis added). The underlined words limit the power of the transferor court to relocate an action. It is well-settled that a transfer to another court, under § 1404(a), is proper only if the initiating party had an unqualified right to bring the action in the transferee court at the

4

time the original action was commenced. See **Shutte v.Armco Steel Corporation**, 431 F.2d 22 (3rd Cir. 1970), cert. denied, 401 U.S. 910 (1971).

As stated in **Shutte**, the petitioner's right to bring the action in the transferee court is tested at the time the action was commenced in the transferor court, not at the time of the transfer. Thus, this action should not have been transferred to the Northern District of West Virginia unless the petitioner could have brought the petition here on December 18, 2017, the date on which it was filed in the Northern District of Ohio.

As previously noted, this action was brought under 28 U.S.C. § 2241, which provides, in part:

> (A) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

Because of this jurisdictional limitation, the Northern District of West Virginia is without power to grant a writ of habeas corpus unless it has jurisdiction over the applicant's custodian. **Braden v. 30th Judicial Circuit Court of Kentucky**, 410 U.S. 484 (1973).

Read literally, the language of § 2241 requires simply that the court issuing the writ have jurisdiction over the custodian. If the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction. **Braden**, supra at 494-95.

The petitioner's immediate custodian on December 18, 2017, was respondent

LaRose, the warden of the correctional facility in Youngstown, Ohio. Nothing in the record indicates that respondent Schult was amenable to the process of this court on December 18, 2017. Furthermore, there is authority to hold that respondent Schult was a necessary party at the time of the commencement of this action.

28 U.S.C. § 2242 requires that the application for the Great Writ "shall allege...the name of the person who has custody over (the applicant)...;" and 28 U.S.C. § 2243 provides that the writ or order to show cause why the writ should not be granted "shall be directed to the person having custody of the person detained." In ***Wales v. Knighten***, 114 U.S. 564, 574 (1885), the Supreme Court noted that the Congressional legislation related to the writ "contemplate (sic) a proceeding against some person who has the immediate custody of the party detained with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.

Therefore, this Court must conclude that it lacked jurisdiction over this action on December 18, 2017. This Court concludes, therefore, that the Northern District of West Virginia is not a district where this action "could have been brought," and transfer to this Court was improper.

In the absence of authority authorizing this Court to make an independent determination as to the propriety of the transfer, the court would be hesitant to substitute its judgment on the question of venue for that of the District Court for the Northern District of Ohio. However, in ***Hoffman v. Blaski***, 363 U.S. 335 (1960), involving the transfer of a case under 28 U.S.C. § 1404(a), the Court noted that principles of res judicata do not apply to transfer orders because they are interlocutory, not made upon the merits, and are

entered by courts of coordinate jurisdiction. 363 U.S. at 340, n.9. In *Ferri v. United Aircraft Corp.*, 357 F.Supp. 814 (D.Conn.1973), the District Court for the District of Connecticut re-transferred a case which it received from the Southern District of Florida on the ground that the original transfer was improper. The court noted that the Supreme Court's decision in *Blaski* "holds that a district court to which an action has been improperly transferred should return the case..." 357 F.Supp. at 816.

Accordingly, it is hereby **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Northern District of Ohio. It is further **ORDERED** that the Clerk of the Court close this case and remove it from the active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: January 9, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE